UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21945-CIV-MORENO
MAGISTRATE JUDGE P. A. WHITE

| | |
|---|---|
| JAMES R. CATON, : | |
| Plaintiff, : | |
| v. : | SUPPLEMENTAL REPORT OF |
| DR. BURDGES, ET AL., : | MAGISTRATE JUDGE |
| Defendants. : | |

I. Introduction

On July 13, 2009, James R. Caton, a federal prisoner confined at the Federal Correctional Institution in Miami, filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The plaintiff is proceeding in forma pauperis.[1]

The plaintiff named as defendants in his initial complaint Dr. Burdges, who is apparently employed at the Federal Detention Center ("FDC")-Miami and Nurse Thomas. The plaintiff alleged that when he was at FDC-Miami Dr. Burdges was providing him with psychotropic medication. Nurse Thomas worked with Dr. Burdges at FDC-Miami and now is employed at the Federal Correction Institution ("FCI")-Miami. When the plaintiff was transferred to FCI-Miami Nurse Thomas

---

[1] The Court takes judicial notice that this plaintiff has filed multiple prior frivolous claims, however he is not procedurally barred pursuant to 28 U.S.C. §1915(g) at this time. The plaintiff has a history of mental problems, he has been on suicide watch, and alleged in prior complaints that the kitchen staff was trying to poison him.

stopped his medication, and he claimed FCI-Miami doctors were not helping him.  He sought confusing equitable relief.

Upon initial review of the Complaint, the Court determined that the plaintiff must amend the Complaint before this case can proceed.  The Complaint did not sufficiently set forth how either Dr. Burdges or Nurse Thomas Nurse Thomas violated his rights.

The plaintiff was ordered to file one complete amended complaint on or before September 10, 2009. The plaintiff filed an amended complaint. The amended complaint failed to cure the deficiencies, and an Order was entered to file an amendment on or before September 30, 2009. The plaintiff filed multiple amendments and supplements;(DE#17, DE#18, DE#21,& DE#22) in violation of Local Rule 15.1. The main addition to these multiple amendments appears to be the plaintiff has now added dollars amounts for his pain and suffering.

The above named deficiencies were not corrected in these multiple pleadings, which were difficult to review. The Court was unable to order service upon named defendants without specific allegations of constitutional violations.

It was recommended that this case be dismissed without prejudice.  However, the plaintiff was permitted to file <u>one complete amended complaint</u> in compliance with Local Rule 15.1 with his objections. He must specifically state the facts of the case, the defendants named, and the constitutional rights violated by each specific defendant. The plaintiff was cautioned that the Court will only review a complete amended complaint as filed.

The plaintiff filed two amended complaints (DE#27) and (29), referred to the Undersigned Magistrate for review. This Cause is before the Court upon the initial screening of the amended complaint (DE#27) pursuant to 28 U.S.C. §1915. [2]

## II. Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

---

[2] The amended complaint (DE#29) repeats the allegations in the prior amended complaint (DE#27), with less specificity and will not be considered by the Court.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985.). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See: Whitehorn, 758 F.2d at 1419 id. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered

when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

    B. Statement of Facts

The plaintiff, who has long been under psychiatric care, states that Dr. Burdges prescribed medication when the plaintiff was incarcerated at the Federal Detention Center. Burdges stated that he fit the criteria for multiple mental disorders. Apparently Nurse Thomas worked for Dr. Burdges at FDC, and now works at FCI,

where Caton is now confined. He states that Nurse Thomas refused to give him his needed medications, resulting in withdrawal, and that he had to be given some medication the next day to combat his withdrawal symptoms. Thomas informed the plaintiff that she would not provide him with his medications and he could not see Dr. Burdges. She stated in a six month evaluation report that no treatment was required. He claims this is in direct contrast with his prior case in Tampa, Florida, where it was determined that he needed to be placed in a situation where his mental needs could be taken care of.

He further claims that Bennet, and Dr. Monseratt, who had treated him in the past, cannot help him. He describes Bennett as "over health FCI". He seeks monetary damages from Nurse Thomas, Bennet and Dr. Burdges.

### C. Denial of Medical Treatment

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison

official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363.  The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

### D. Claims against the defendants

The plaintiff names Dr. Burdges, however he fails to allege any constitutional violation caused by this defendant. He admits that Burdges stated in his medical report that he required medication. He further admits that Burdges stated in his Tampa case that he needed psychiatric placement. He fails to state a claim that Dr. Burdges ignored his medical needs while he was confined at the Federal Detention Center.

The plaintiff claims Bennet, apparently a Health Care Administrator, has been indifferent to his medical needs. The plaintiff's allegations are insufficient to state a claim against this defendant. He claims she said she cannot help him. She has refused to look into his evaluation and treatment order, and refuses to help him with medication or treatment. It is unclear whether Caton ever sent her grievances, or spoke to her directly. In either case, she apparently is not a doctor or nurse, and her involvement in his treatment is insufficiently pled. This defendant should be dismissed.

The plaintiff states that Dr. Monserrat prescribed medication for him at FCI, and then in contradiction, he claims this defendant refused to help him. He does not include this defendant in his prayer for relief. Caton fails to state exactly what actions taken by Monserrat violated his rights, and what injuries he has suffered as a result of this defendants actions. It is recommended that this defendant be dismissed.

The plaintiff names Nurse Thomas as a defendant, and his allegations against her are the most specific. He states that she refused to provide him with his medications, causing him to suffer withdrawal symptoms, despite the fact that she is aware that he required these medications when he was confined at FDC. She stated on his medical report that he needed no treatment, despite a Judge's Order and Dr. Burdges' report to the contrary, in the Tampa case. The plaintiff minimally states a claim against Nurse Thomas for denial of his medical requirements for his mental condition, thereby causing injury. Service will be ordered against this sole defendant.

### III. Conclusion and Recommendation

It is therefore recommended as follows:

1. All claims against Dr. Burdges, Miss Bennet and Dr. Monseratt are dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

2. The claim against Nurse Thomas for denial of medical treatment shall proceed.

    3.   The amended complaint (DE#27) is the operative complaint in this case, and the amended complaint (DE#29) is stricken.

Dated this 30th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: James R. Caton, Pro Se
    Reg. No. 37101-019
    Federal Correctional Institution-Miami
    P. O. Box 779800
    Miami, FL 33177